Adam N. Saravay – 034921990
Katerina R. Mantell – 175162016
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Attorneys for Defendant Solar Energy World, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL IMBESI,<br><br>          Plaintiff,<br><br>     v.<br><br>SOLAR ENERGY WORLD and JOHN<br>DOES 1-10 (fictitious names),<br><br>          Defendants. | Hon._____, U.S.D.J.<br><br>Civil Action No.: _____  (\_\_ / \_\_)<br><br>**NOTICE OF COMPLIANCE**<br>**WITH 28 U.S.C. § 1446(d)** |

To:    William T. Walsh, Clerk of the Court
       United States District Court for the District of New Jersey
       Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets Room 1050
       Camden, New Jersey 08101

       Regina M. Philipps, Esq.
       Timothy R. Bieg, Esq.
       Madden & Madden
       108 Kings Highway East, Suite 200
       Haddonfield, NJ 08033
       Attorneys for Plaintiff

Pursuant to the requirements of 28 U.S.C. § 1446(d), on June 3, 2019, a Notice of

Removal, a true copy of which is attached hereto, has been sent to the Clerk of the

Superior Court of New Jersey, Law Division, Camden County for filing.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant Solar Energy
World, LLC

By: ___/s/Adam N. Saravay_____
                Adam N. Saravay
                Katerina R. Mantell

Dated:  June 3, 2019

MEI 30562143v.1

Adam N. Saravay – 034921990
Katerina R. Mantell – 175162016
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444
Attorneys for Defendant Solar World Energy, LLC

| | |
|---|---|
| DANIEL IMBESI,<br><br>                        Plaintiff,<br><br>        v.<br><br>SOLAR ENERGY WORLD and JOHN<br>DOES 1-10 (fictitious names),<br><br>                        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY – LAW DIVISION<br><br>Civil Action<br><br>DOCKET NO. CAM-L-1330-16<br><br>**NOTICE TO SUPERIOR COURT OF<br>FILING A NOTICE OF REMOVAL** |

To:    Clerk, Superior Court of New Jersey
       Camden County Superior Court
       Civil Case Management
       101 S. 5th St.
       Camden, New Jersey 08103

**SIR OR MADAM:**

        **PLEASE TAKE NOTICE** that attached hereto as Exhibit "A" is a copy of the Notice of

Removal in the above-captioned action, which has been filed with the Clerk of the United States

District Court for the District of New Jersey; and

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441,

and 1446, the filing of the Notice of Removal in the United States District Court, together with

the filing of a copy of the Notice to the Superior Court of Filing a Notice of Removal with this

Court, effects the removal of the above-captioned action, and this Court may proceed no further

unless and until the case is remanded.

                                        **McCARTER & ENGLISH, LLP**
                                        Attorneys for Defendant Solar Energy World,
                                        LLC


                                        By:   _/s/Adam N. Saravay_
                                                Adam N. Saravay
                                                A Member of the Firm

Dated:  June 3, 2019

ME1 30559431v.1

Exhibit A

Adam N. Saravay – 034921990
Katerina R. Mantell – 175162016
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Attorneys for Defendant Solar Energy World, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIEL IMBESI, | Hon._____, U.S.D.J. |
| Plaintiff, | Civil Action No.: _____ (___/___) |
| v. | |
| SOLAR ENERGY WORLD and JOHN DOES 1-10 (fictitious names), | **NOTICE OF REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, CAMDEN COUNTY** |
| Defendants. | |

To:   William T. Walsh, Clerk of the Court
      United States District Court for the District of New Jersey
      Mitchell H. Cohen Building & U.S. Courthouse
      4th & Cooper Streets Room 1050
      Camden, New Jersey 08101

      Regina M. Philipps, Esq.
      Timothy R. Bieg, Esq.
      Madden & Madden
      108 Kings Highway East, Suite 200
      Haddonfield, NJ 08033
      Attorneys for Plaintiff

Defendant Solar Energy World, LLC, improperly pled as "Solar Energy World,"

("Defendant") hereby removes an action pending against it in the Superior Court of New Jersey,

ME1 30556232v.2

Law Division, Camden County, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and 29 U.S.C. § 216(b).  In support of removal, Defendant states:

1.      On May 2, 2019, plaintiff Daniel Imbesi ("Plaintiff") commenced an action by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, entitled Daniel Imbesi v. Solar Energy World and John Does 1-10 (fictitious names), Docket No. CAM-L-001672-19, asserting the following claims: disability discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq. (First Count); unpaid travel time compensation in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq., (Second Count); unpaid overtime compensation in violation of the FLSA (Third Count); retaliatory discharge in violation of the FLSA (Fourth Count); unpaid regular compensation in violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56 et seq. (Fifth Count); unpaid overtime compensation in violation of the NJWHL (Sixth Count); retaliatory discharge in violation of the NJWHL (Seventh Count); and, retaliatory discharge in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et seq. (Eighth Count).

2.      On May 2, 2019, a copy of the complaint, a summons, and a case information statement were served on Defendant.  Copies of all of the papers served on Defendant are attached as Exhibit 1.

3.      The papers attached as Exhibit 1 are copies of all process, pleadings, and orders served upon Defendant in this action.

MEI 30556232v.2

4.     This notice of removal is timely, as Defendant filed this notice of removal on the first business day following 30 days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.[1]

5.     The action in State Court is one over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  It is removable to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff asserts claims that arise under the laws of the United States.  Specifically, the Second, Third, and Fourth Counts of the Complaint allege violations of the FLSA.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  An action under the FLSA, which may be maintained in any federal or state court of competent jurisdiction, may be removed to federal court.  Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).

6.     Additionally, the action in State Court is one over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a).  It is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1441(b) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7.     As set forth in the Complaint prepared by his counsel, Plaintiff was, at the commencement of this action, and is now, a resident of Camden, New Jersey.  He is a domiciliary and citizen of the State of New Jersey.

8.     Defendant was, at the commencement of this action, and is now, a limited liability company.  As such, its citizenship for purposes of 28 U.S.C. § 1332 is determined by the citizenship of its members.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. Pa. 2010).  Defendant has four (4) members, all of whom are individuals: Toptan Lala; Aloysius

---

[1] As set forth herein, Defendant received a copy of the initial pleading on May 2, 2019.  Thirty days from that date was Saturday, June 1, 2019, and today is the first business day thereafter.

MI:1 30556232v.2

E. Gleeson; Geoffry Mirkin; and Ramadan Lala.  Each of these individuals resides in Maryland

and is a citizen of Maryland for purposes of diversity jurisdiction.  Therefore, Defendant  is a

citizen of Maryland for purposes of diversity jurisdiction.

9.      The fictitious defendants are disregarded for purposes of determining diversity of

citizenship for removal. See 28 U.S.C. § 1441(b)(1).

10.     Although the Complaint, alleging violations of the NJLAD, FLSA, NJWHL, and

CEPA, does not set forth the specific amount that Plaintiff seeks to recover in this action,

Plaintiff states in his Complaint that he is seeking compensatory damages, consequential

damages, liquidated damages, punitive damages, interest, costs, attorney's fees, equitable back

pay, equitable front pay, and such other relief as this Court may deem equitable and just.  (See

Exhibit 1, "WHEREFORE" clauses).  Thus, in light of the foregoing, the amount in controversy

exceeds $75,000. See Raspa v. Home Depot et. al., 533 F. Supp. 2d 514 (D. N.J. 2007) (where

no specific damage amount is pled in the Complaint, the Court must aggregate potential punitive

damages with the compensatory damages, and consider attorneys' fees ("which can be

significant"), to arrive at the amount in controversy requirement).

11.     This Court has supplemental jurisdiction over the other claims in the Complaint

pursuant to 28 U.S.C. § 1367 because they arise from the same factual allegations and are so

related as to form part of the same case or controversy.  Accordingly, Defendant is entitled to

remove this entire action.

12.     The United States District Court for the District of New Jersey is the federal court

for the district and division embracing Camden County, New Jersey.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

14.     Defendant files this notice of removal without waiving any defenses to the claims

asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

4

15.     Pursuant to 28 U.S.C. § 1441(d), written notice of the filing of this notice will be given to the Plaintiff, and a true and accurate copy of this notice will be filed with the Clerk of the Superior Court for New Jersey, Camden County, Law Division.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the District of New Jersey accept this Notice of Removal and that it assume jurisdiction over this action and issue such further orders and process as may be necessary to bring before it all parties necessary for trial.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant Solar
Energy World, LLC

By:   _/s/Adam N. Saravay_____
      Adam N. Saravay
      Katerina R. Mantell

Dated:  June 3, 2019

MEI 30556232v.2

# EXHIBIT 1

ME1 30556232v.2

TIMOTHY R. BIEG, ESQUIRE – ID NO: 024112005
REGINA M. PHILIPPS, ESQUIRE – ID NO: 023412011
MADDEN & MADDEN, P.A.
108 KINGS HIGHWAY EAST - SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033
(856) 428-9520
ATTORNEY FOR PLAINTIFF DANIEL IMBESI

| | |
|---|---|
| DANIEL IMBESI<br><br>Plaintiff,<br><br>vs.<br><br>SOLAR ENERGY WORLD and JOHN DOES 1-10 (fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO:CAM-L-1672-19<br><br>CIVIL ACTION<br><br>COMPLAINT & JURY DEMAND |

FROM THE STATE OF NEW JERSEY TO: SOLAR ENERGY WORLD

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion went it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and cost of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: May 2, 2019

/s/ Michelle M. Smith
MICHELLE M. SMITH, Acting Clerk of the Superior Court

Name of Defendant to Be Served:
Address of Defendant to Be Served:

Solar Energy World
100 Twin Bridge Road
Pennsauken, NJ  08110

Received:
05-02-19;11:33AM;From:Madden & Madden          May  2 2019 12:46pm
To:18002362092    ;8564287335          #  3/ 18

# LEGAL SERVICE AND LAWYERS REFERRAL LIST

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
1201 Bacharach Boulevard
Atlantic City, New Jersey 08401
Lawyer Referral: 609-345-3444
Legal Services: 609-348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
10 Main Street
Hackensack, New Jersey 07601
Lawyer Referral: 201-488-0044
Legal Services: 201-487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
49 Rancocas Road
Mt. Holly, New Jersey 08060
Lawyer Referral: 609-261-4862
Legal Services: 609-261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
101 South Fifth Street
Camden, New Jersey 08103
Lawyer Referral: 856-964-4520
Legal Services: 856-964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Ct Hs, New Jersey 08210
Lawyer Referral: 609-463-0313
Legal Services: 609-465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Broad & Fayette Streets
Bridgeton, New Jersey 08302
Lawyer Referral: 856-692-6207
Legal Services: 856-451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
50 West Market Street
Newark, New Jersey 07102
Lawyer Referral: 973-622-6207
Legal Services: 973-624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
1 North Broad Street, Ct. House
Woodbury, New Jersey 08096
Lawyer Referral: 856-848-4589
Legal Services: 856-848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
583 Newark Avenue
Jersey City, New Jersey 07306
Lawyer Referral: 201-798-2727
Legal Services: 201-792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
65 Park Avenue
Flemington, New Jersey 08822
Lawyer Referral: 908-735-2611
Legal Services: 908-782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
175 S. Broad St., 2nd Floor
Trenton, New Jersey 08650
Lawyer Referral: 609-585-6200
Legal Services: 609-695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
1 John F. Kennedy Square
New Brunswick, New Jersey 08903
Lawyer Referral: 732-828-0053
Legal Services: 732-249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
71 Monument Park
Freehold, New Jersey 07728
Lawyer Referral: 732-431-5544
Legal Services: 732-866-0020

**MORRIS COUNTY**
Deputy Clerk of the Superior Court
30 Schuyler Place
Morristown, New Jersey 07960
Lawyer Referral: 973-367-5882
Legal Services: 973-285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street
Paterson, New Jersey 07505
Lawyer Referral: 732-240-3666
Legal Services: 732-341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
77 Hamilton Street
Paterson, New Jersey 07505
Lawyer Referral: 973-278-9223
Legal Services: 973-345-7171

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market Street
Salem, New Jersey 08079
Lawyer Referral: 856-935-5628
Legal Services: 856-451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
20 North Bridge Street
Somerville, New Jersey 08876
Lawyer Referral: 908-685-2323
Legal Services: 908-231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
43-47 High Street
Newton, New Jersey 07860
Lawyer Referral: 973-267-5882
Legal Services: 973-383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
2 Broad Street
Elizabeth, New Jersey 07207
Lawyer Referral: 908-353-4715
Legal Services: 908-354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
413 Second Street
Belvidere, New Jersey 07823
Lawyer Service: 973-267-5882
Legal Services: 908-475-2010

LAW OFFICES
MADDEN & MADDEN
A PROFESSIONAL CORPORATION
...

2

CAM-L-001672-19  05/02/2019 10:14:37 AM Pg 1 of 14 Trans ID: LCV2019771351

TIMOTHY R. BIEG, ESQUIRE – ID NO: 024112005
REGINA M. PHILIPPS, ESQUIRE – ID NO: 023412011
MADDEN & MADDEN, P.A.
108 KINGS HIGHWAY EAST - SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033
(856) 428-9520
ATTORNEY FOR PLAINTIFF DANIEL IMBESI

| | |
|---|---|
| DANIEL IMBESI<br><br>Plaintiff,<br><br>vs.<br><br>SOLAR ENERGY WORLD and JOHN DOES 1-10 (fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO:<br><br>CIVIL ACTION<br><br>COMPLAINT & JURY DEMAND |

Plaintiff, Daniel Imbesi, residing at 244 South Burnt Mill Road, Voorhees, Camden County, New Jersey, by way of complaint against defendants, Solar Energy World and John Does 1-10, states as follows:

### THE PARTIES

1.      Plaintiff, Daniel Imbesi, is an individual residing at 244 South Burnt Mill Road, Voorhees, Camden County, New Jersey, and at all relevant times, plaintiff was employed by defendant, Solar Energy World.

2.      Defendant, Solar Energy World, is a corporation maintaining a principal place of business at 100 Twin Bridge Road, Pennsauken, Camden County, New Jersey, and at all relevant times, was Plaintiff's employer.

3.      At all times mentioned herein, defendants, John Does 1-10, are those fictitious names of individuals and/or entities whose true identities are unknown to plaintiff at this time

Received:
05-02-19; 11:33AM; From: Madden & Madden    To: 18002362092    ; 8564287335    #  5/ 18

May  2 2019 12:46pm

CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 2 of 14 Trans ID: LCV2019771351

and who are liable to plaintiff in whole or in part, directly or tangentially, for the damages sustained by plaintiff as described with more particularity herein.

## GENERAL ALLEGATIONS

4.      Plaintiff, Daniel Imbesi ("Plaintiff"), is a male who suffers from Irritable Bowel Syndrome (IBS) and potential Celiac disease.

5.      On or about November 5, 2018, Plaintiff became employed by defendant, Solar Energy World, as a solar panel installer.

6.      At all times relevant to Plaintiff's employment, Defendant, Solar Energy World, was aware of Plaintiff's IBS and potential Celiac disease.

7.      At all times relevant to Plaintiff's employment, Plaintiff was performing his job duties for defendant, Solar Energy World, at a level that met and/or exceeded his employer's legitimate expectations.

8.      At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to pay its employees, including but not limited to Plaintiff, for regular hours worked while traveling from the yard of defendant, Solar Energy World, to job sites.

9.      At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to pay its employees, including but not limited to Plaintiff, for overtime worked.

10.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to accurately track the hours and wages of its employees, including but not limited to Plaintiff.

11.     On several occasions in December 2018 and January 2019, Plaintiff complained to his supervisor, Henry Diaz, regarding the aforesaid unlawful pay practices of defendant, Solar

MADDEN & MADDEN

Received:
05-02-19;11:33AM;From:Madden & Madden    To:18002362092   ;8564287335    #  6/ 18

CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 3 of 14 Trans ID: LCV2019771351

Energy World.

12.   On or about January 18, 2019, Plaintiff was working in unsafe and hazardous conditions, as mandated by defendant, Solar Energy World, on a roof covered in snow and ice, at which time Plaintiff fell and suffered significant injuries.

13.   On or about January 23, 2019, Plaintiff was advised by his supervisor, Henry Diaz, to work once again in unsafe and hazardous conditions on a roof covered in snow and ice.

14.   Plaintiff objected to the directive of his supervisor, Henry Diaz, and refused to participate in the unsafe and hazardous working conditions, which he reasonably believed to be in violation of Occupational Safety and Health Administration ("OSHA") regulations as well as clear mandates of public policy concerning safety.

15.   On or about January 31, 2019, Plaintiff advised his supervisor, Henry Diaz, that he needed time off to go to the doctor due to stomach issues, which were related to Plaintiff's IBS and potential Celiac disease.

16.   On or about February 1, 2019, in the absence of any prior warning, Plaintiff was terminated by defendant, Solar Energy World.

17.   Plaintiff's termination constitutes a discriminatory discharge and/or unlawful retaliation in violation of New Jersey and/or federal law.

18.   The actions of defendant, Solar Energy World, toward Plaintiff as aforesaid were willful and egregious, warranting punitive damages.

19.   Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses as a direct and proximate result of the aforesaid unlawful actions of defendant, Solar Energy World.

3

Received:
May  2 2019 12:47pm
05-02-19;11:33AM;From:Madden & Madden          To:18002362092     ;8564287335          #  7/ 18

CAM-L-001672-19   05/02/2019 10:14:37 AM Pg 4 of 14 Trans ID: LCV2019771351

## FIRST COUNT

### Violation of the New Jersey Law Against Discrimination – Disability Discrimination

20.     Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

21.     Plaintiff suffers from IBS and potential Celiac disease.

22.     At all relevant times, Plaintiff was performing his job duties at a level that met the legitimate expectations of defendant, Solar Energy World.

23.     Immediately following plaintiff's January 31, 2019 notice to defendant, Solar Energy World, that he needed time off to go to the doctor due to stomach issues, which were related to Plaintiff's IBS and potential Celiac disease, plaintiff was terminated.

24.     Plaintiff's termination was a discriminatory discharge, motivated by plaintiff's disability, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 et seq.

25.     Defendant, Solar Energy World, is liable for all damages and losses sustained by Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

LAW OFFICE OF
MADDEN & MADDEN
A Professional Corporation
of Counsel
108 Kings Highway East
P.O. Box 210
Haddonfield, NJ 08033 (monolith)

4

Received:                                    May 2 2019 12:47pm
05-02-19;11:33AM;From:Madden & Madden        To:18002362092    ;8564287335        #  8/ 18
CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 5 of 14 Trans ID: LCV2019771351

### SECOND COUNT
#### Violation of the Fair Labor Standards Act — Travel Time Compensation

26.     Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

27.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and its corresponding regulations, time spent by an employee in travel as part of his principal activity must be counted as hours worked, including but not limited to the travel time from an employer's office and/or designated meeting place to a work site.

28.     At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

29.     Defendant, Solar Energy World, is an "employer" as defined by 29 U.S.C. § 203(d).

30.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to pay Plaintiff the regular rate of pay for the time he worked traveling from the yard of defendant, Solar Energy World, where Plaintiff was required to report, to job sites.

31.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to accurately track the total number of hours Plaintiff worked each day and each week in violation of 29 U.S.C. § 211(c).

32.     The failure of defendant, Solar Energy World, to pay Plaintiff his rightfully earned wages was willful.

33.     Defendant, Solar Energy World, is liable for all damages and losses sustained by

LAW OFFICES OF
MADDEN & MADDEN
A Professional Corporation
108 Kings Highway East
Haddonfield, New Jersey

5

Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

### THIRD COUNT
#### Violation of the Fair Labor Standards Act – Overtime Compensation

34.     Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

35.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and its corresponding regulations, an employee must be compensated for a work week longer than forty (40) hours at a rate not less than one and one-half times the regular rate at which the employee is employed.

36.     At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

37.     Defendant, Solar Energy World, is an "employer" as defined by 29 U.S.C. § 203(d).

38.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to pay Plaintiff at a rate of one and one-half times the regular rate of pay for the time he worked after the first forty (40) hours in any given week.

6

Received:                                                        May  2 2019 12:47pm
05-02-19;11:33AM;From:Madden & Madden        To:18002362092    ;8564287335        # 10/ 18
CAM-L-001672-19  05/02/2019 10:14:37 AM Pg 7 of 14 Trans ID: LCV2019771351

39.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to accurately track the total number of hours Plaintiff worked each day and each week and failed to accurately track Plaintiff's overtime in violation of 29 U.S.C. § 211(c).

40.     The failure of defendant, Solar Energy World, to pay Plaintiff his rightfully earned overtime was willful.

41.     Defendant, Solar Energy World, is liable for all damages and losses sustained by Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

### FOURTH COUNT
### Violation of the Fair Labor Standards Act – Retaliation

42.     Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

43.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and its corresponding regulations, employers may not discharge or in any other manner discriminate against any employee because such employee has made a complaint relevant to the Act.

44.     At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

LAW OFFICES
MADDEN & MADDEN

7

Received:                                May  2 2019 12:48pm
05-02-19; 11:33AM; From:Madden & Madden        To:18002362092        ; 8564287335        # 11/ 18
CAM-L-001672-19  05/02/2019 10:14:37 AM  Pg 8 of 14 Trans ID: LCV2019771351

45.    Defendant, Solar Energy World, is an "employer" as defined by 29 U.S.C. § 203(d).

46.    On several occasions in December 2018 and January 2019, Plaintiff complained to defendant, Solar Energy World, regarding its failure to accurately compensate Plaintiff for time worked and failure to accurately track Plaintiff's hours and wages, as aforesaid.

47.    Defendant, Solar Energy World, unlawfully terminated Plaintiff in retaliation for Plaintiff's complaints regarding his aforementioned rights under the Fair Labor Standards Act.

48.    Defendant, Solar Energy World, is liable for all damages and losses sustained by Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

## FIFTH COUNT
### Violation of the New Jersey Wage and Hour Law – Regular Compensation

49.    Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

50.    Pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56 et seq., and its corresponding regulations, employees must be paid for all hours worked; specifically, all of the time the employee is required to be at his place of work or on duty shall be counted as hours worked.

8

Received:                                   May  2 2019 12:48pm
05-02-19;11:33AM;From:Madden & Madden        To:18002362092      ;8564287335         # 12/ 18
CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 9 of 14 Trans ID: LCV2019771351

51.   At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by N.J.S.A. 34:11-56a1(h).

52.   Defendant, Solar Energy World, is an "employer" as defined by N.J.S.A. 34:11-56a1(g).

53.   At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to pay Plaintiff the regular rate of pay for the time he was on duty traveling from the yard of defendant, Solar Energy World, where Plaintiff was required to report, to job sites.

54.   At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to accurately track the total number of hours Plaintiff worked each day and each week in violation of N.J.S.A. 34:11-56a20.

55.   The failure of defendant, Solar Energy World, to pay Plaintiff his rightfully earned wages was willful.

56.   Defendant, Solar Energy World, is liable for all damages and losses sustained by Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

9

Received:
05-02-19;11:33AM;From:Madden & Madden          To:18002362092     ;8564287335        # 13/ 18
                                                May  2 2019 12:48pm
CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 10 of 14 Trans ID: LCV2019771351

## SIXTH COUNT
### Violation of the New Jersey Wage and Hour Law – Overtime Compensation

57.     Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

58.     Pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56 et seq., and its corresponding regulations, an employee must be paid one and a half times the employee's regular hourly wage for each hour of working time in excess of forty (40) hours in any given week.

59.     At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by N.J.S.A. 34:11-56a1(h).

60.     Defendant, Solar Energy World, is an "employer" as defined by N.J.S.A. 34:11-56a1(g).

61.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to pay Plaintiff at a rate of one and one-half times the regular rate of pay for the time he worked after the first forty (40) hours in any given week.

62.     At all times relevant to Plaintiff's employment, defendant, Solar Energy World, failed to accurately track the total number of hours Plaintiff worked each day and each week and failed to accurately track Plaintiff's overtime in violation of N.J.S.A. 34:11-56a20.

63.     The failure of defendant, Solar Energy World, to pay Plaintiff his rightfully earned overtime was willful.

64.     Defendant, Solar Energy World, is liable for all damages and losses sustained by Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

10

Received:                              May  2 2019 12:48pm
05-02-19;11:33AM;From:Madden & Madden        To:18002362092     ;8564287335          # 14/ 18
CAM-L-001672-19  05/02/2019 10:14:37 AM  Pg 11 of 14 Trans ID: LCV2019771351

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

### SEVENTH COUNT
Violation of the New Jersey Wage and Hour Law – Retaliation

65.    Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

66.    Pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56 et seq., and its corresponding regulations, employers may not discharge, discipline or otherwise penalize an employee for reporting a violation or suspected violation of the Act.

67.    At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by N.J.S.A. 34:11-56a1(h).

68.    Defendant, Solar Energy World, is an "employer" as defined by N.J.S.A. 34:11-56a1(g).

69.    On several occasions in December 2018 and January 2019, Plaintiff complained to defendant, Solar Energy World, regarding its failure to accurately compensate Plaintiff for time worked and failure to accurately track Plaintiff's hours and wages, as aforesaid.

70.    Defendant, Solar Energy World, unlawfully terminated Plaintiff in retaliation for Plaintiff's complaints regarding his aforementioned rights under the New Jersey Wage and Hour Law.

71.    Defendant, Solar Energy World, is liable for all damages and losses sustained by

11

Received:                                            May  2 2019 12:48pm
05-02-19;11:33AM;From:Madden & Madden        To:18002362092      ;8564287335          # 15/ 18
        CAM-L-001672-19  05/02/2019 10:14:37 AM Pg 12 of 14 Trans ID: LCV2019771351

Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

<u>EIGHTH COUNT</u>
Violation of the Conscientious Employee Protection Act – Retaliation

72.     Plaintiff hereby repeats and reiterates the allegations of the foregoing paragraphs as if the same are set forth herein at length.

73.     The Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 et seq., prohibits employers from retaliating against an employee who objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes (1) is in violation of a law, or a rule or regulation promulgated pursuant to law; (2) is fraudulent or criminal, or (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

74.     At all times relevant to Plaintiff's claims, Plaintiff was an "employee" as defined by N.J.S.A. 34:19-2.

75.     Defendant, Solar Energy World, is an "employer" as defined by N.J.S.A. 34:19-2.

76.     On or about January 23, 2019, Plaintiff objected to the directive of defendant, Solar Energy World, and refused to participate in the unsafe and hazardous working conditions,

LAW OFFICES
MADDEN & MADDEN
A PROFESSIONAL ASSOCIATION
108 Kings Highway East
Suite 200, P.O. Box 210
Haddonfield, New Jersey 08033-0389

Received:                                      May  2 2019 12:48pm
05-02-19;11:33AM;From:Madden & Madden        To:18002362092    ;8564287335        # 16/ 18

CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 13 of 14 Trans ID: LCV2019771351

which he reasonably believed to be in violation of Occupational Safety and Health Administration ("OSHA") regulations as well as clear mandates of public policy concerning safety.

77.   Defendant, Solar Energy World, unlawfully terminated Plaintiff in retaliation for Plaintiff's objection to and refusal to participate in the aforementioned unlawful, unsafe and hazardous working conditions in violation of the Conscientious Employee Protection Act (CEPA).

78.   Defendant, Solar Energy World, is liable for all damages and losses sustained by Plaintiff, which were a direct and proximate result of defendant, Solar Energy World's aforesaid unlawful actions.

WHEREFORE, plaintiff, Daniel Imbesi, hereby demands judgment against defendants, Solar Energy World and John Does 1-10, jointly, severally, and in the alternative, together with compensatory damages, consequential damages, liquidated damages, punitive damages, interest, costs, attorneys' fees, equitable back pay, equitable front pay and such other relief as this Court may deem equitable and just.

## JURY DEMAND

Plaintiff, Daniel Imbesi, does hereby demand a trial of all issues of this cause by jury.

MADDEN & MADDEN, P.A.

By: _____

TIMOTHY R. BIEG, ESQUIRE

DATED: April 30, 2019

13

Received:
05-02-19;11:33AM;From:Madden & Madden        May  2 2019 12:49pm
To:18002382092     ;8564287335        # 17/ 16

CAM-L-001672-19   05/02/2019 10:14:37 AM Pg 14 of 14 Trans ID: LCV2019771351

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Court Rule 4:25-4, Timothy R. Bieg, Esquire, hereby is designated as trial counsel in the above-captioned litigation for the firm of Madden & Madden, P.A., counsel for plaintiff, Daniel Imbesi.

MADDEN & MADDEN, P.A.

By: _____
TIMOTHY R. BIEG, ESQUIRE

DATED:  April 30, 2019

## CERTIFICATION

I, Timothy R. Bieg, Esquire, hereby certify to the best of my knowledge that there are no other actions pending in which this matter in controversy is the subject, nor are there any other actions or arbitration proceedings contemplated.  Furthermore, pursuant to Rule 4:5-1, there are no other parties who should be joined in this action at this time.

MADDEN & MADDEN, P.A.

By: _____
TIMOTHY R. BIEG, ESQUIRE

DATED: April 30, 2019

14

Received:
05-02-19;1?:33AM;From:Madden & Madden    To:18002362092    ;8564287335    # 18/ 16
CAM-L-001672-19   05/02/2019 10:14:37 AM  Pg 1 of 1 Trans ID: LCV2019771351

# Civil Case Information Statement

**Case Details: CAMDEN | CIVIL Part Docket# L-001672-19**

Case Caption: IMBESI DANIEL  VS SOLAR ENERGY
WORLD

Case Initiation Date: 05/02/2019

Attorney Name: TIMOTHY R BIEG

Firm Name: MADDEN & MADDEN, PA

Address: 108 KINGS HIGHWAY EAST STE 200
HADDONFIELD NJ 08033

Phone:

Name of Party: PLAINTIFF : Imbesi, Daniel

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Document Type: Complaint with Jury Demand

Jury Demand: YES - 12 JURORS

Hurricane Sandy related? NO

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO        Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/02/2019                                                    /s/ TIMOTHY R BIEG
Dated                                                        Signed

## CERTIFICATE OF SERVICE

Katerina R. Mantell, of full age, hereby certifies as follows:

Today I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be sent

by overnight mail and by operation of the Court's electronic filing system to counsel for Plaintiff:

> Regina M. Philipps, Esq.
> Timothy R. Bieg, Esq.
> Madden & Madden
> 108 Kings Highway East, Suite 200
> Haddonfield, NJ 08033

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.


By:   _/s/ Katerina R. Mantell_
　　　　Adam N. Saravay
　　　　Katerina R. Mantell
　　　　**McCARTER & ENGLISH, LLP**
　　　　Four Gateway Center
　　　　100 Mulberry Street
　　　　P.O. Box 652
　　　　Newark, NJ 07101-0652

Dated: June 3, 2019

ME1 30556232v.2

### CERTIFICATE OF SERVICE

Katerina R. Mantell, of full age, hereby certifies as follows:

Today I caused a true and correct copy of the foregoing NOTICE TO SUPERIOR COURT

OF FILING A NOTICE OF REMOVAL to be sent by overnight mail and by operation of the

Court's electronic filing system to counsel for Plaintiff:

> Regina M. Philipps, Esq.
> Timothy R. Bieg, Esq.
> Madden & Madden
> 108 Kings Highway East, Suite 200
> Haddonfield, NJ 08033

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.


By:__/s/Katerina R. Mantell_____
Katerina R. Mantell


Dated: June 3, 2019

3

## CERTIFICATE OF SERVICE

Katerina R. Mantell, of full age, hereby certifies as follows:

Today I caused a true and correct copy of the foregoing NOTICE OF COMPLIANCE to be sent by overnight mail and by operation of the Court's electronic filing system to counsel for Plaintiff:

> Regina M. Philipps, Esq.
> Timothy R. Bieg, Esq.
> Madden & Madden
> 108 Kings Highway East, Suite 200
> Haddonfield, NJ 08033

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:    /s/Katerina R. Mantell
      Adam N. Saravay
      Katerina R. Mantell
      **McCARTER & ENGLISH, LLP**
      Four Gateway Center
      100 Mulberry Street
      P.O. Box 652
      Newark, NJ 07101-0652

Dated: June 3, 2019

ME1 30562143v.1